JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVAGE ENTERPRISES, a Wyoming corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER WHEELER, an individual, PRESTON WHEELER, an individual, AMBYR FREESTONE, an individual, MIA JENSEN, an individual, THE NEW SAVAGE LLC, a Wyoming limited liability company, EXODUS HEMP LLC, a Wyoming limited liability company, EXODUS ENTERPRISES LLC, a Wyoming limited liability company, SACRED EXODUS LLC, a Wyoming limited liability company, TRIPPY EXODUS LLC, a Wyoming limited liability company, and DOES 5 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 8:23-cv-00578-HDV-PVC<br><br>**ORDER GRANTING STIPULATION [56] RE (1) SETTLEMENT AGREEMENT (2) SUBMISSION TO JURISDICTION BY PARTIES TO THE SETTLEMENT AGREEMENT, (3) ORDER RETAINING JURISDICTION TO ENFORCE THE TERMS OF THE SETTLEMENT AGREEMENT, AND ENTERING AGREED PERMANENT INJUNCTION** |

　　On July 5, 2023, plaintiff Savage Enterprises ("Plaintiff" or "Savage") and defendants The New Savage LLC, Christopher Wheeler, Preston Wheeler, Ambyr Freestone, Mia Jensen, Exodus Hemp LLC, Exodus Enterprises LLC, Sacred Exodus LLC, and Trippy Exodus LLC (collectively, the "Defendants") filed their Joint Stipulation and [Proposed] Order re (1) Settlement Agreement, (2) Submission to

-1-

1797741.7

Jurisdiction by Parties to the Settlement Agreement, and (3) Order Retaining Jurisdiction to Enforce the Terms of the Settlement Agreement ("Stipulation"). Plaintiffs and Defendants are collectively referred to as the "Litigation Parties."

The above-captioned action ("Action") was resolved following an April 18, 2023 mediation before the Honorable James P. Grey (Ret.) by and between the Litigation Parties and certain non-litigants affiliated with the Litigation Parties. The non-litigant parties are signatories to the Stipulation and their interests are so identified with the Litigation Parties that they have consented to the Court's personal jurisdiction for the purposes of enforcement of the terms and conditions of the Stipulation, with all parties having participated in some way in the mediation. Lynsey Winters and Samantha Konnecke consented to the terms and conditions of the Stipulation after consultation with family law attorneys.

The non-litigant parties affiliated with Plaintiff include Honest PP&D, Inc, Aggregate, Inc., Jon Dougherty, Matthew Winters and Lynsey Winters (spouse of Matthew Winters), Ernie Ciaccio, Abraham Sahagun, and Brittany Hawkins (collectively, the "Savage Parties"). The non-litigant party affiliated with Defendants is Samantha Konnecke (spouse of Christopher Wheeler). Defendants and non-litigant party Samantha Konnecke are collectively referred to herein as the "Wheeler Parties." The Litigation Parties, Savage Parties, and Wheeler Parties are collectively referred to as the "Parties."

The Court, having considered the Parties' Stipulation and their settlement of this Action, and finding good cause therefor, hereby GRANTS the Stipulation and ORDERS as follows:

1. This Court finds it has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367 and 18 U.S.C. §§ 1836-39 *et seq.*, and that the non-litigant parties have consented to the Court's jurisdiction for purposes of enforcement of the terms and conditions of the Stipulation;

2. All Parties shall comply with the terms of the Parties' Stipulation;

1797741.7

3. Defendants and Defendants' owners, officers, agents, servants, employees, and all persons acting in concert or participation with Defendants are PERMANENTLY ENJOINED from:

    a. Infringing the SAVAGE trademark, which Plaintiff owns U.S. trademark applications for, U.S. Serial Nos. 97009232 and 97009205;

    b. Infringing Plaintiff's packaging designs, which constitute Plaintiff's inherently distinctive and valuable trade dress (the "Savage Trade Dress") depicted in **Exhibit A** attached hereto;

    c. Manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise, or promote goods bearing trade dress that infringes and is confusingly similar to the Savage Trade Dress or the Savage trade name and trademark or any other trade dress or trade name that is confusingly similar to Plaintiff's trademark, trade name or the Savage Trade Dress;

    d. Representing that Defendants are Plaintiff, including making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that: (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

    e. Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associates such business, goods and/or services with Plaintiff or tend to do so; and

1797741.7

    f. Registering or applying to register any trademark, service mark, domain name, trade name, or any other mark that infringes or is likely to be confused with Plaintiff's Savage trade name and trademark or the Savage Trade Dress.

4. The New Savage LLC, Exodus Hemp LLC, Exodus Enterprises LLC, Sacred Exodus LLC, and Trippy Exodus LLC (the "Exodus Entities"), and any entity or individual over which defendants Chris Wheeler and Preston Wheeler have control, which may include affiliated companies, agents, manufacturers, distributors, third-party e-commerce platforms, and/or representatives, shall immediately cease and desist from using the Savage Trade Dress depicted in **Exhibit A**.

5. The New Savage LLC, the Exodus Entities, and any entity or individual over which defendants Chris Wheeler and Preston Wheeler have control, which may include affiliated companies, agents, manufacturers, distributors, third-party e-commerce platforms, and/or representatives, are PERMANENTLY ENJOINED from:

    a. Using the Savage Trade Dress depicted in **Exhibit A**;

    b. Making any representation to any person or entity that it / they have authority to use the Savage Trade Dress depicted in **Exhibit A**; and

    c. Making any representation to any person or entity that their products or services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by, and/or recommended by Plaintiff.

6. The Wheeler Parties shall use their best efforts to secure and ensure compliance with this Order and agreed injunction by any entity or individual over which the Wheeler Parties have control, which may include affiliated companies, agents, manufacturers, distributers, third-party e-commerce platforms and/or representatives.

7. Pursuant to this settlement agreement, the Parties' Stipulation, and pursuant to the Court's own inherent powers, and Fed. R. Civ. P. 41(a)(1)(A), the Court hereby retains jurisdiction to enforce the Parties' Stipulation. Any breach of the Stipulation

1797741.7

-5-

would be a violation of this Court's Order, and the Court will continue to exercise and has ancillary jurisdiction to enforce this Order and said Stipulation.

8. The Parties shall bear their own attorneys' fees and costs incurred in connection with the Action and with the negotiation and execution of the Parties' Stipulation, except as may otherwise be expressly provided in the Stipulation between the Parties.

9. Having now reserved and retained jurisdiction to enforce the Stipulation and this Order, the Court hereby dismisses the Action without prejudice.

IT IS SO ORDERED.

Dated: July 7, 2023

_____
HON. HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE

1797741.7